UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| CLEITON NEVES,<br><br>    Plaintiff,<br><br>v.<br><br>ELGA GENERAL SERVICES LLC,<br><br>    Defendant. | Case No. 6:24-cv-606-GAP-RMN |

### REPORT AND RECOMMENDATION

This cause comes on for consideration without oral argument on Plaintiff's Motion for Final Default Judgment (Dkt. 19), filed August 1, 2024 ("Motion"). The Motion has been referred to me for a report and recommendation. Upon consideration, I respectfully recommend that Plaintiff's Motion be granted in part.

### I. BACKGROUND

On April 1, 2024, Plaintiff filed a two-count Complaint against Defendant Elga General Services LLC for violations of the overtime and minimum wage provisions of the Fair Labor Standards Act ("FLSA"). Dkt. 1. Defendant was served with the Complaint on April 9, 2024. Dkt. 9. Defendant failed to timely respond and, as a result, the Clerk of Court entered default on May 7, 2024. Dkt. 14. Plaintiff now moves for entry of

final default judgment as to Count I only.[1] Dkt. 19. The matter is ripe for review.

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure establish a two-step process for obtaining default judgment. First, when a party against whom a judgment for affirmative relief is sought fails to plead or otherwise defend as provided by the Federal Rules, the Clerk may enter default. Fed. R. Civ. P. 55(a). Second, after obtaining a clerk's default, the plaintiff must move for default judgment. Fed. R. Civ. P. 55(b). Before entering default judgment, the Court must ensure that it has jurisdiction over the claims and parties, and that the well-pled factual allegations, which are assumed to be true, adequately state a claim for which relief may be granted. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th

---

[1] I note that on July 20, 2024, Plaintiff filed a "Notice of Voluntary Dismissal of Count II (only)" under Federal Rule of Civil Procedure 41(a). Dkt. 16. The Eleventh Circuit has held, however, that Rule 41(a) does not authorize the voluntary dismissal of individual claims—only dismissal of the entire action. *In re Esteva*, 60 F.4th 664, 675–76 (11th Cir. 2023). Thus, the notice is not sufficient to dismiss Count II.

In any event, I recommend deeming Count II abandoned because Plaintiff did not move for default judgment on that claim. *See, e.g.*, *Muller v. Total Protective Servs., Inc.*, No. 6:06-cv-1733, 2007 WL 2729659, at *1 n.1 (M.D. Fla. Sept. 18, 2007) (finding that the plaintiff had abandoned a claim where the motion for default judgment did not discuss the claim); *Taylor v. Premier Debt Sols., LLC*, No. 6:12-cv-519, 2012 WL 4792641, at *1 n.1 (M.D. Fla. Sept. 20, 2012) (same), *report and recommendation adopted*, No. 6:12-cv-519, 2012 WL 4792881 (M.D. Fla. Oct. 9, 2012).

Cir. 1975).[2] If default judgment is warranted, then the Court must next consider whether the plaintiff is entitled to the relief requested. "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." *See* Fed. R. Civ. P. 54(c).

### III. ANALYSIS

#### A. Jurisdiction

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it involves a federal question. This Court has personal jurisdiction over Elga General Services LLC, because it is a Florida business entity doing business in the state of Florida. Cleiton Neves is a citizen and resident of this District. *See* Dkt. 1.

#### B. The Entry of Default

Plaintiff properly served Defendant by serving an employee of its registered agent on April 9, 2024. Dkt. 9; Fed. R. Civ. P. 4(h); Fla. Stat. § 48.091(4). Defendant did not appear, and no responsive pleading was ever filed. The Clerk of Court entered Clerk's Default on May 7, 2024. Dkt. 14.

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

### C.   Liability

The FLSA provides that "no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). To state a claim for unpaid overtime wages under the FLSA, a plaintiff must allege sufficient facts to show that (1) the defendant employed him; (2) either the defendant constitutes an enterprise engaged in interstate commerce to qualify for "enterprise coverage," or the FLSA covers the plaintiff through "individual coverage"; (3) the plaintiff worked in excess of a 40-hour work week; and (4) the defendant failed to pay overtime wages owed to the plaintiff. *See Morgan v. Fam. Dollar Stores, Inc.*, 551 F.3d 1233, 1277 b.68 (11th Cir. 2008); *Sims v. UNATION, LLC*, 292 F. Supp. 3d 1286, 1292 (M.D. Fla. 2018). Subject to exceptions not applicable here, the FLSA defines "employee" as "any individual employed by an employer," and "employer" as "includ[ing] any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. §§ 203(e)(1), (d).

Plaintiff's allegations sufficiently state that he was employed by Defendant as a maintenance worker from August 6, 2023, to October 10, 2023. Dkt. 1 ¶ 7. The Complaint also adequately alleges that

Defendant is "an enterprise" for purposes of the FLSA. *See id.* ¶¶ 16–19; *see Thorne v. All Restoration Servs., Inc.*, 448 F.3d 1264, 1265–66 (11th Cir. 2006).[3] Plaintiff states that Defendant employed people who were engaged in handling, selling, or otherwise working on goods moved in or produced for commerce and that Defendant earned more than $500,000.00 per year in gross sales. Dkt. 1 ¶¶ 16–19. These factual allegations are sufficient to support enterprise coverage. And finally, Plaintiff declares that he worked in excess of 40 hours per work week and that Defendant failed to compensate him at a rate of time and one-half his regular pay for all overtime work. *Id.* ¶¶ 20–24.

Plaintiff has thus sufficiently alleged that Defendant is liable for overtime-wage violations under the FLSA.

---

[3] The FLSA defines "an enterprise engaged in commerce or in the production of goods for commerce" in relevant part, as an enterprise that

> (i)   has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and
>
> (ii)   is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) . . . .

29 U.S.C. § 203(s)(i)(A)(i)–(ii).

### D. Wages and Liquidated Damages

Pursuant to the FLSA, any employer who violates the overtime wage provisions is liable to the employee in the amount of the employee's unpaid overtime compensation and an equal amount as liquidated damages. 29 U.S.C. § 216(b). Employees bear the burden of proving they performed work for which they were not properly compensated. *Saphos v. Grosse Pointe Dev. Co.*, No. 6:6-cv-257, 2008 WL 976839, at *3 (M.D. Fla. Apr. 9, 2008). When the employer's records are inaccurate or inadequate—or in this case unavailable—an employee carries this burden by producing "sufficient evidence to show the amount and extent of that works as a matter of just and reasonable inference." *Id.* Upon such a showing, the "burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence of the precise amount of reasonableness of the inference to be drawn from the employee's evidence." *Id.* Courts analyzing motions for default judgment employ this standard in reviewing a plaintiff's claimed damages. *See, e.g.*, *Hammonds v. Age Mgmt. & Optimal Wellness, Inc.*, No. 8:16-cv-429, 2017 WL 10276703, at *3 (M.D. Fla. Feb. 6, 2017); *Onofre v. Higgins AG, LLC*, No. 8:21-cv-311, 2021 WL 6498121, at *2 (M.D. Fla. Dec. 29, 2021), *report and recommendation adopted*, No. 8:21-cv-311, 2022 WL 138096, at *1 (M.D. Fla. Jan. 14, 2022).

Plaintiff provides sufficient evidence for his claimed damages. He alleges that Defendant failed to pay him his complete overtime compensation and that the failure was an intentional and willful violation of the FLSA. Dkt. 1 ¶¶ 27–28. In support of his Motion, Plaintiff provides an affidavit that shows the amount and extent of his work as a matter of just and reasonable inference. Dkt. 19 at 11–13. The affidavit indicates that he worked around forty-four hours of overtime every week for nine and a half weeks for which he was not properly paid. *Id.* at 12. Based on this, Plaintiff states he is owed overtime compensation totaling $5,225.00 in unpaid overpaid wages.[4] *Id.* Plaintiff seeks this amount in damages. *Id.*

Plaintiff's affidavit (Dkt. 19 at 11–13) is sufficient evidence to demonstrate the amount and extent of his work as a matter of just and reasonable inference. Defendant has not produced evidence or otherwise controverted such evidence in response. Thus, Plaintiff is entitled to the undisputed amount of $5,225.00 in overtime compensation.

Plaintiff also seeks $5,225.00 in liquidated damages. Dkt. 19 at 4–6. He alleges that Defendant's failure to pay him the requisite overtime pay was intentional and willful. Dkt. 1 ¶¶ 27–28. As explained above, any employer who violates the overtime wage provisions of the FLSA, 29

---

[4] Plaintiff is only seeking the *additional* one-half of the overtime rate. He admits that Defendant paid him at his regular rate for the correct number of hours worked each week.

U.S.C. § 207, shall be liable to the affected employee in the amount of the unpaid overtime wages "and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Liquidated damages under the FLSA are "compensatory in nature." *Snapp v. Unlimited Concepts, Inc.*, 208 F.3d 928, 934 (11th Cir. 2000). "An employer who seeks to avoid liquidated damages as a result of violating the provisions of the FLSA bears the burden of proving that its violation was both in good faith and predicated upon reasonable grounds." *Hammonds*, 2017 WL 10276703, at *4 (citing *Joiner v. City of Macon*, 814 F.2d 1537, 1538 (11th Cir. 1987)). In fact, liquidated damages for overtime wage claims under the FLSA are "mandatory absent a showing of good faith." *Joiner*, 814 F.2d at 1539.

Plaintiff sufficiently alleges that Defendant violated section 207. As discussed above, Plaintiff establishes that he is entitled to $5,225.00 in overtime compensation. Defendant has not established that the FLSA violation was in good faith or that liquidated damages are not warranted. *See, e.g., Maldonado v. Stoneworks of Manatee, LLC*, No. 8:17-cv-60, 2020 WL 10486667, at *1 (M.D. Fla. Jan. 27, 2020) (explaining that the defendant's failure to respond to the complaint constituted a failure to show good faith); *Sawicki v. Anauel Catering Corp.*, No. 12-22402, 2017 WL 7796308, at *2 (S.D. Fla. Nov. 6, 2017) (same). Plaintiff is therefore entitled to liquidated damages in the amount of $5,225.00.

In sum, Plaintiff is entitled to $10,450.00 in damages: $5,225.00 in unpaid overtime compensation, and $5,225.00 in liquidated damages.

**E.     Attorney's Fees**

Pursuant to the FLSA, a court must "allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(B). Courts use the federal lodestar approach in determining reasonable attorney's fees under the FLSA. *See Walker v. Iron Sushi, LLC*, 752 F. App'x 910, 913 (11th Cir. 2018).[5] To calculate a reasonable award of attorney's fees, courts multiple the number of hours reasonably expended by a reasonably hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433–34 (1983); *Norman v. Hous. Auth. Of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). In the Motion, Plaintiff requests an award of $3,088.50 in attorney's fees, which according to the provided billing records appears to represent 5.55 hours of worked conducted by counsel at an hourly rate of $450.00 and 10.99 hours conducted by counsel's legal assistants at an hourly rate of $75.00. *See* Dkt. 19 at 6; Dkt. 21-1.[6]

---

[5] Though *Walker* is unpublished and therefore non-binding, the opinion contains persuasive guidance and reasoning. *See* 11th Cir. R. 32.1(d).

[6] The Motion requests $3,088.50 in attorney's fees (Dkt. 19 at 6) but the billing records indicate $3,321.75 (Dkt. 21-1 at 6). This Report and Recommendation considers only the request for $3,088.50.

### 1. Reasonableness of Hourly Rate

A reasonable hourly rate "is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation." *Norman*, 836 F.2d at 1299. "Market rate" is the hourly rate charged in the local legal market by an attorney with experience in this area of law who would be willing and able to take the case. *Am. Civil Liberties Union of Ga. v. Barnes*, 168 F.3d 423, 437 (11th Cir. 1999). The fee applicant bears the burden of establishing that the requested rate tracks the prevailing market rate. *Norman*, 836 F.2d at 1299. Satisfactory evidence, at a minimum, must consist of "more than the affidavit of the attorney performing the work" and "must speak to rates actually billed and paid in similar lawsuits." *Id.*

Plaintiff's counsel—Julisse Jimenez—has practiced law for over fifteen years and cites to case law in this District where attorneys have been awarded $400.00 per hour for similar cases. Dkt. 19 at 6.[7] Based on my knowledge and experience, I find that an hourly rate of $450.00 is reasonable for attorney with Ms. Jimenez's experience. *See Dixon v. Waste Pro of Fla., Inc.*, No. 8:22-cv-327, 2022 WL 18587780, at *3 (M.D. Fla. Dec. 16, 2022) (finding an hourly rate of $425.00 reasonable in an FLSA matter

---

[7] Counsel did not provide the Court with her legal experience but the date that she was admitted to practice law in Florida is available online at https://www.floridabar.org/directories/find-mbr/profile/?num=65387.

in 2022 for an attorney with sixteen years of experience), *report and recommendation adopted*, No. 8:22-cv-327, 2023 WL 1781516 (M.D. Fla. Feb. 6, 2023); *Perez v. Margaritas V&P, Inc.*, No. 6:22-cv-1133, 2023 WL 2696182, at *5. (M.D. Fla. Mar. 14, 2023) (finding an hourly rate of $450 reasonable in FLSA matter in 2023 given inflation and attorney's experience), *report and recommendation adopted*, No. 6:22-cv-1133, 2023 WL 2691680 (M.D. Fla. Mar. 29, 2023).

As to legal assistants who worked on this matter, no information is provided about their experience. But regardless, based on my knowledge and experience of rates awarded in similar cases, an hourly rate of $75.00 is reasonable for legal assistants in this district. *See Hurst v. Seterus, Inc.*, No. 2:15-cv-4, 2015 WL 3915562, at *2 (M.D. Fla. June 25, 2015) (finding hourly rate of $75.00 reasonable for legal assistant where no documentation was provided regarding legal assistant's experience).

### 2. Reasonableness of Hours Expended

The next step in the analysis is to determine what hours were reasonably expended. In determining the reasonableness of the hours expended, courts exclude "excessive, redundant, or otherwise unnecessary" hours an attorney could not appropriately bill the client or opposing counsel in the exercise of good billing judgment. *Norman*, 836 F.2d at 1301 (quoting *Hensley*, 461 U.S. at 434 & 437). Courts may cut

specific hours, or may engage in "an across-the-board cut," so long as the court adequately explains its reasons for doing so. *Galdames v. N & D Inv. Corp.*, 432 F. App'x 801, 806 (11th Cir. 2011).

As mentioned, Plaintiff seeks compensation for roughly 5.55 hours conducted by counsel and 10.99 conducted by counsel's legal assistants. *See* Dkt. 19 at 6; Dkt. 21-1. I have reviewed the billing records and find that counsel and her legal assistants expended a reasonable amount of time on this matter. The legal assistants spent time preparing docket filings and maintaining the case file and counsel reviewed, revised, and drafted docket filings. Thus, the hours sought here are reasonable.

### 3. The Lodestar

Based upon the foregoing recommendations, the calculated lodestar would be the $3,321.75 that is indicated on the billing records provided by counsel. *See* Dkt. 21-1 at 6. But because Plaintiff only requests $3,088.50 in attorney's fees in the Motion (Dkt. 19 at 6), I recommend the Court award $3,088.50 in attorney's fees.

### F.  Costs

As the prevailing party, Plaintiff is entitled to an award of costs. He seeks $627.00 in costs, which represents a $402.00 filing fee, a $75.00 service fee, and $150.00 in copying costs. Dkt. 19 at 7, 15. Filing fees, costs

for private process servers, and some copying costs are recoverable under 28 U.S.C. § 1920.

I find that $402.00 in filing fees is reasonable because this was the fee charged for opening a civil action in the Middle District of Florida when Plaintiff instituted this action.

The costs for a private process server are also taxable, but only up to a point. Costs for a private process server are permissible "provided the rate charged does not exceed the cost of having a U.S. Marshal effect service." *EEOC v. W & O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000). The current rate charged by the U.S. Marshal is $65.00 per hour (or portion thereof) for each person served, plus travel costs and other out-of-pocket expenses. 28 C.F.R. § 0.114(a)(3). Since the claimed cost for service exceeds what would have been charged by the Marshal, it should be reduced from $75.00 to $65.00.

Costs for copies are taxable under § 1920 "where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(4). Plaintiff has not provided any evidence that the copies were necessary for use in the case nor stated what documents were copied. *See* Dkt. 19 at 7. Thus, I find that Plaintiff's copying costs are not taxable. *Cf. Moore v. Appliance Direct, Inc.*, No. 6:08-cv-317, 2009 WL 909271, at *4 (M.D. Fla. Apr. 1, 2009) (finding plaintiff's copying costs taxable where plaintiff

demonstrated that "copies of Defendants' delivery records were necessary to calculate their entitlement to overtime pay."). Further, it appears Plaintiff is also seeking postage as part of his copying costs. *See* Dkt. 21-1 at 4 ("Office expenses – *postage*, prints and related expenses") (emphasis added). But the Eleventh Circuit has held that costs for "postage [fees] . . . are clearly nonrecoverable." *Duckworth v. Whisenant*, 97 F.3d 1393, 1399 (11th Cir. 1996); *see also Rosario v. AAA Sec. Prot., Inc.*, No. 8:14-cv-391, 2015 WL 427533, at *4 (M.D. Fla. Feb. 2, 2015) (denying costs associated with postage in an FLSA action). Thus, Plaintiff cannot recover for copying costs, including his postage costs here.

Additionally, I recommend awarding Plaintiff post-judgment interest, even though it was not requested in his Motion, because it is required by statute. *See* 28 U.S.C. § 1961(a) ("Interest shall be awarded on any money judgment in a civil case recovered in a district court."); *Am. Contractors Indem. Co. v. MD Constr. Servs. USA, Inc.*, No. 6:16-cv-952, 2016 WL 11581679, at *4 (M.D. Fla. Dec. 8, 2016) (stating that the plaintiff's failure to request post-judgment interest did not preclude a post-judgment interest award because of the mandatory nature of such an award), *report and recommendation adopted*, No. 6:16-cv-952, 2017 WL 11025405, at *1 (M.D. Fla. Jan. 4, 2017).

In sum, I recommend the Court award $467.00 in costs, along with post-judgment interest.

## IV. CONCLUSION

Accordingly, I respectfully **RECOMMEND** that the Court:

1. **GRANT** Plaintiff's Motion (Dkt. 19) in part and **DENY** it in part;

2. **GRANT** default judgment against Defendant Elga General Services LLC on Count I, **DISMISS** Count II, and **AWARD** Plaintiff $14,005.50, which is the sum of Plaintiff's compensatory and liquidated damages, his attorney's fees, and allowable costs;

3. **DIRECT** the Clerk to enter default judgment in favor of Plaintiff and against Defendant as to Count I in the amount of $14,005.50, along with post-judgment interest; and

3. Once judgment is entered, **DIRECT** the Clerk to close this case.

### NOTICE TO PARTIES

"Within 14 days after being served with a copy of [a report and recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id*. A party's failure to serve and file specific

objections to the proposed findings and recommendations alters review by the district judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

**Entered** in Orlando, Florida, on November 5, 2024.

_____
ROBERT M. NORWAY
*United States Magistrate Judge*

Copies furnished to:

Hon. Gregory A. Presnell

Counsel of Record