**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

CLEITON NEVES,

    Plaintiff,

v.      Case No:   6:24-cv-606-GAP-RMN

ELGA GENERAL SERVICES LLC,

    Defendant

---

# ORDER

This cause comes before the Court on Plaintiff's Motion for Final Default Judgment (Doc. No. 19) filed August 1, 2024.

On November 5, 2024, the United States Magistrate Judge issued a report (Doc. No. 24) recommending that the motion be granted in part. No objections have been filed.   Therefore, it is

**ORDERED** as follows:

1. The Report and Recommendation is **CONFIRMED** and **ADOPTED IN PART** as part of this Order.

2. The Plaintiff's Motion for Final Default Judgment is **GRANTED IN PART**.   The clerk is directed to enter Judgment in favor of Plaintiff Cleiton Neves against Defendant Elga General Services, LLC, on

        Count I in the total amount of $14,005.50 ($5,225.00 in unpaid overtime compensation, $5,225.00 in liquidated damages, $467.00 in costs, and $3,088.50 in attorney's fees) and close the case.

3.    Though Plaintiff filed a Notice of Voluntary Dismissal as to Count II (Doc. 16),[1] the Court construes it as a motion to amend his Complaint under Fed. R. Civ. P. 15(a)(2) to drop Count II.[2] Plaintiff's motion is hereby **GRANTED**; thus no claims remain.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on November 20, 2024.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

---

[1] *See Baxter v. Santiago-Miranda*, --- F.4th ----, 2024 WL 4762616, *6 (11th Cir. 2024) ("A plaintiff may not use Rule 41(a) to dismiss a single or discrete claim against a single defendant or against all defendants. *In re Esteva*, 60 F.4th at 677. Rule 41(a) 'does not permit plaintiffs to pick and choose, dismissing only particular claims within an action.' *Id.*; *see also Klay*, 376 F.3d at 1106. 'Our precedent has been consistent on this point for almost two decades.' *Rosell*, 67 F.4th at 1144. This limitation applies to dismissals under both Rule 41(a)(1) and Rule 41(a)(2). *Id.* As a result, a Rule 41(a) dismissal of only one of the claims against a defendant or defendants is ineffective and leaves that claim pending in the district court, creating a lack of finality. *See id.*").

[2] *See Lowery v. AmGuard Ins. Co.*, 90 F.4th 1098, 1103-04, (11th Cir. 2024) ("That the Lowerys did not style their notice [of intent to abandon count three] a 'motion' is not dispositive; we have suggested in a similar circumstance that we may 'construe both the notice' and a responsive order 'as being brought under Rule 15.' *See Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1106 (11th Cir. 2004). The Lowerys also satisfied our Circuit law by 'set[ting] forth the substance' of what we construe as their 'proposed amendment'; they notified the district court that they were electing to forego count three. *See Cita Tr. Co. AG v. Fifth Third Bank*, 879 F.3d 1151, 1157 (11th Cir. 2018).").

Copies furnished to:

United States Magistrate Judge
Counsel of Record
Unrepresented Party